

1301 Avenue of the Americas
25th Floor
New York, NY 10019

646.927.5500 main
646.927.5599 fax

August T. Horvath
646-927-5544

August 10, 2020

**Via ECF**

Honorable Eric Komitee, U.S.D.J.
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East, Courtroom 6G North
Brooklyn, NY 11201

    Re:    <u>Cohen v. Wegmans Food Markets, Inc.</u>, Case No. 1:20-cv-1409-EK-CLP

Dear Judge Komitee:

    We represent defendant Wegmans Food Markets, Inc. ("Wegmans"), which intends to move to dismiss the Complaint (Dkt. 1) in this matter under Rule 12(b)(6). We write to request a pre-motion conference regarding Wegmans' intended motion and briefly state here the grounds for the motion.

**I.    The "Vanilla" Labeling Is Not Plausibly Deceptive to Reasonable Consumers**

    Wegmans sells French Vanilla Ice Cream under its store brand, Wholesome Pantry. Plaintiffs allege that Wegmans, by designating the ice cream with the characterizing flavor "vanilla," is not only making a claim about how the beverage tastes, but also making an implied claim that all of the vanilla taste of the products comes from vanilla bean extract. Dkt. 1 ¶ 4. To prove conduct is materially misleading as required under General Business Law §§ 349 and 350, a plaintiff must demonstrate that "a reasonable consumer acting reasonably under the circumstances" would be misled. *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). A court may determine as a matter of law that an allegedly deceptive practice would not have misled a reasonable consumer. *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). Courts in this Circuit dismiss challenges to advertising claims where the challenged marketing claims would not deceive reasonable consumers. *See, e.g., Melendez v. ONE Brands, LLC*, No. 18-cv-6650-CBA (E.D.N.Y. March 16, 2020); *Sarr v. BEF Foods*, No. 18-cv-6409-ARR, 2020 U.S. Dist. LEXIS 25594 (E.D.N.Y. Feb. 13, 2020); *Campbell-Clark v. Blue Diamond Growers*, No. 1:18-cv-5577-WFK (E.D.N.Y. Dec. 17, 2019). This Complaint should be dismissed, as a matter of law, on the basis that no reasonable consumer would interpret the "vanilla" flavor designator on Wegmans ice cream as a claim that all of the product's vanilla taste must come from vanilla bean extract. A suit against Wegmans by the same Plaintiffs' counsel making virtually identical claims with regard to a different variety, Wegmans Vanilla Ice Cream, was recently dismissed on these grounds in the Southern District of New York. *Steele v. Wegmans Food Markets, Inc.*, 1:19-cv-9227-LLS, 2020 U.S. Dist. LEXIS 123637 (S.D.N.Y. July 14, 2020). This case should be also.

Honorable Eric Komitee, U.S.D.J.
August 10, 2020
Page 2

## II.   Plaintiffs Attempt to Enforce Their Interpretation of Federal Food Regulations Is Implicitly Preempted

The Complaint is almost entirely concerned with the alleged non-compliance of Wegmans' packaging and labeling with the Food, Drug and Cosmetic Act (FDCA).  Purported non-compliance with these regulations is proffered as the only basis for the allegation that the soy milk's labeling is purportedly deceptive to consumers.  The Complaint is Plaintiffs' attempt privately to enforce the FDCA, filed because Plaintiffs' counsel believes it has spotted a technical violation of FDA regulations.  But Plaintiffs are not the FDA, and are neither competent to interpret FDA regulations nor empowered to enforce them.

The right to enforce the FDCA rests exclusively with the Food and Drug Administration. *See* 21 U.S.C. § 337(a); *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997) (there can be no private cause of action if a plaintiff's "true goal is to privately enforce alleged violations of the FDCA"); *Verzani v. Costco Wholesale Corp.*, No. 09-cv-2117, 2010 WL 3911499 (S.D.N.Y. Sept. 28, 2010) ("The FDCA lacks a private right of action and therefore [a plaintiff] cannot rely on it for purposes of asserting a state-law consumer claim under G.B.L. § 349"), *aff'd*, 432 Fed. Appx. 29 (2d Cir. 2011).  This is a case where "a plaintiff's true purpose is to enforce federal regulations, masquerading as a state-law claim." *In re Trader Joe's Tuna Litig.*, 289 F. Supp. 3d 1074, 1086 (S.D. Cal. 2017) (dismissing New York G.B.L. §§ 349-350 claims).  Conclusory allegations aside, no basis other than FDCA non-compliance is alleged for any deception in the labeling of the ice cream products.

## III.   Plaintiffs' Claims Are Expressly Preempted

Plaintiffs not only seek to enforce FDCA regulations, but also misinterpret those regulations.  First, 21 C.F.R. § 101.22(h)(1) provides that any "[s]pice, natural flavor, and artificial flavor may be declared as 'spice,' 'natural flavor,' or 'artificial flavor'" in the statement of ingredients.  Because the Product is flavored with natural flavors derived from the vanilla bean, both the principal display panel and ingredient list are compliant with federal regulations.  Because Wegmans' labeling practices for the Product comply with FDA regulations, Plaintiff's claims attempting to impose labeling requirements not identical to those regulations are expressly preempted. *Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 296 (S.D.N.Y. 2018) ("[I]f a product's packaging does not run afoul of federal law governing food labeling, no state law claim for consumer deception will lie.").

## IV.   Plaintiffs Do Not Have Standing to Seek Injunctive Relief

Plaintiffs lack standing to seek preliminary or permanent injunctive relief because they fail to allege any likelihood that they will be deceived in the future by the challenged representations, and thus, fail to demonstrate any likelihood of continuing or future injury. *See Berni v. Barilla S.p.A., et al. v. Schulman*, No. 19-1921-cv, 2020 U.S. App. LEXIS 21167 (2d Cir. July 8. 2020); *Davis*, 297 F. Supp. 3d at 338-339; *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016).

Honorable Eric Komitee, U.S.D.J.
August 10, 2020
Page 3

### V. The Elements of Fraud, Negligent Misrepresentation, Warranty, and Unjust Enrichment Are Not Pled or Supported with Factual Allegations

Plaintiffs' fraud claim should be dismissed because they have not alleged facts that "give rise to a strong inference of fraudulent intent," *Campaniello Imports, Ltd. V. Saporiti Italia S.p.A.*, 117 F.3d 655, 663 (2d Cir. 1997), by pleading facts to show that Wegmans either had "both motive and opportunity to commit fraud" or "strong circumstantial evidence of conscious misbehavior or recklessness." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Plaintiffs' negligent misrepresentation claim should be dismissed because, under New York common law, this cause of action requires a special relationship of trust to exist between the parties, and is not applicable to an arm's-length commercial transaction. *Kimmell v. Schaefer*, 89 N.Y.2d 257, 263 (1996). Plaintiffs' express warranty claim must be dismissed because no expressly false statement, but only implied misrepresentations, are alleged, and because Plaintiffs did not provide timely notice of the alleged breach. *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018). Their claim for breach of implied warranty of merchantability must be dismissed because there is no allegation that the product is not merchantable and fit for its intended use. The unjust enrichment claim should be dismissed because it is duplicative of the false advertising claims. An unjust enrichment claim is not available where it merely duplicates a contract or tort claim, which has been held to include GBL false-advertising claims. *See Reyes,* 2019 U.S. Dist. LEXIS 125971 at *15 (dismissing unjust enrichment claim that was duplicative of GBL claims); *Weisblum*, 88 F. Supp. 3d at 296-97 (same); *Bowring v. Sapporo U.S.A. Inc.*, 234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017) (same).

Respectfully submitted,

August T. Horvath